Filed 9/29/15  P. v. Cole CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THEODORE ALBERT COLE,<br><br>    Defendant and Appellant. | 2d Crim. No. B261276<br>(Super. Ct. No. 2014020328)<br>(Ventura County) |

A jury found Theodore Albert Cole guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and simple possession of cocaine (*id.* § 11350, subd. (a)).  The trial court sentenced Cole to two years in county jail followed by one year of mandatory supervision.  We affirm.

FACTS

Ventura County Sheriff's Detective Eric Arteaga regularly searches Craigslist for people selling drugs.  He discovered an advertisement posted by Annie Rossi that appeared to be promising.  Arteaga responded to Rossi's advertisement, and she agreed to meet to sell him six grams of methamphetamine.

Arteaga arranged to have an informant make a "controlled buy" from Rossi in a Del Taco parking lot.  The informant wore a wireless transmitting device to record conversations with Rossi.  Arteaga and Detective Robert Davidson were the surveillance team to monitor the purchase.

Rossi drove into the parking lot in a Prius. She told the informant, "My guy [is] just gonna meet us here." She said he would be driving a truck. Numerous times during the conversation Rossi referred to "my guy," and assured the informant he would be there any minute. Eventually, Rossi concluded that her guy would not be coming. She told the informant to go to Thousand Oaks, and she would pick up the methamphetamine and bring it to him.

As the informant and the surveillance team were leaving the Del Taco parking lot, Rossi called to say her guy was here and to meet her in the Target parking lot. They drove to the Target parking lot.

Rossi parked her Prius in the Target parking lot. She walked to a pickup truck also parked in the lot. Cole was in the driver's seat of the pickup. Rossi went to the driver's side window, placed her left hand inside the driver's side window for approximately 10 seconds, and returned to the Prius with her left hand clenched. At the Prius, Rossi placed her left hand inside the driver's side. She was walking back to the pickup truck when the surveillance team arrested Rossi and Cole.

Detective Davidson searched the Prius and pickup truck. In the Prius on the driver's side floorboard Davidson found a prescription bottle containing 6.2 grams of methamphetamine. In the pickup truck Davidson found cocaine in a silver-colored container and also 0.1 gram of loose methamphetamine.

Telephone records show calls between Rossi and Cole at the times Rossi was communicating with her guy about the drug deal.

Both Arteaga and Davidson testified that 6.2 grams is a quantity that indicates possession for sale, and that the small amount of loose methamphetamine found in the pickup indicates possession for personal use.

Cole did not present an affirmative defense, but relied on the state of the evidence.

2

DISCUSSION

I.

Cole contends the jury instructions could have misled jurors into convicting him based on the loose methamphetamine found in the pickup truck.

The trial court instructed that Cole was charged with possession for sale. (CALCRIM No. 2302.) The instruction expressly stated that the People must prove, "When the defendant possessed the controlled substance, he intended to sell it." (*Ibid.*) Cole argues, however, that the instruction did not inform the jury that the conviction could only be based on the 6.2 grams of methamphetamine found in the Prius. He concludes the jury might have convicted him based on the 0.1 gram of methamphetamine found in his truck.

In determining whether the jury was misled by an instruction, we must consider the arguments of counsel. (*People v. Young* (2005) 34 Cal.4th 1149, 1202.) Here, in both opening statement and closing argument, the prosecutor unequivocally informed the jury that the charge of possession for sale was based on the 6.2 grams of methamphetamine found in the Prius. Moreover, the uncontradicted testimony of Detectives Arteaga and Davidson was that only the 6.2 grams found in the Prius were possessed for sale.

The jury could not have been misled.

II.

Cole argues the jury instructions and the prosecutor's arguments on uncharged conspiracy violated his due process rights by confusing the jury.

The trial court instructed that the People have presented evidence of a conspiracy, that each member of the conspiracy is responsible for the acts or statements of any other member, and gave the elements of conspiracy. (CALCRIM No. 416.) The court also instructed that the jury could not consider out-of-court statements made by Rossi unless the jury found the People proved by a preponderance of the evidence that there was a conspiracy, that Rossi and Cole were members of the conspiracy, that the

3

statement was made to further the goal of the conspiracy, and that the statement was made before or during the conspiracy. (CALCRIM No. 418.) In addition, the court instructed on aiding and abetting. (CALCRIM Nos. 400 & 401.)

Cole argues that the conspiracy instruction was confusing because the jury may have convicted him of possession for sale based solely on the crime of conspiracy, even though that crime was neither charged nor proved beyond a reasonable doubt.

But the jury was instructed on the elements of the crime of possession for sale. (CALCRIM No. 2302.) The instruction did not mention conspiracy. In addition, the prosecutor told the jury in closing argument: "Now, I didn't charge -- there's no charge here that there's an actual conspiracy. There's an actual charge that you do. That's not here. This is what's known as an uncharged conspiracy. The conspiracy you're going to hear about allows me to bring in Ms. Rossi's statements without having to try and drag her into court. And they get to be used against the defendant if you find some evidence that the defendant and Rossi were working together." Far from confusing the jury, the prosecutor's argument made it abundantly clear that Cole was not charged with conspiracy. The jury could have properly convicted Cole based on the conspiracy between Cole and Rossi. The instruction of an uncharged conspiracy does not mean Cole was convicted of a conspiracy.

Police saw Cole engaged in the sale of methamphetamine to an informant. The jury instructions are legally correct. We presume the jurors are able to understand and follow the instructions. (*People v. Yeoman* (2003) 31 Cal.4th 93, 139.) No reasonable juror would have been confused by the instructions.

Cole argues that a unanimity instruction should have been given because some jurors may have found him guilty based on conspiracy, and other jurors may have found him guilty based on aiding and abetting. But a unanimity instruction is appropriate only when a conviction on a single count could have been based on two or more discrete crimes. (*People v. Russo* (2001) 25 Cal.4th 1124, 1135.) The instruction is not appropriate where multiple theories or acts may form the basis of a guilty verdict on one

4

discrete criminal event. (*Ibid.*) Here there was only one discrete criminal event, possession for sale of methamphetamine. A unanimity instruction was not appropriate.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.